UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
NADINE DAVIS

                           Plaintiff,

           -against-

THE CITY OF NEW YORK, NYPD DETECTIVE
JEREMY VETZ, and NYPD OFFICERS "JOHN
DOE 1-4" Individually and in their official capacities.
---------------------------------------------------------------x

17-CV-4575

**COMPLAINT**

JURY TRIAL DEMANDED

ECF CASE

      Plaintiff, NADINE DAVIS, by her attorney, THE LAW OFFICE OF CHRISTOPHER H. FITZGERALD, hereby brings this action under 42 U.S.C. § 1983 to redress her civil and legal rights and respectfully alleges as follows:

## I.    PRELIMINARY STATEMENT

      1.    This is a civil rights action in which the Plaintiff, NADINE DAVIS seeks relief for the defendants' violation of her rights secured by 42 U.S.C. § 1983, by the United States Constitution and by the laws and Constitution of the State of New York. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

      2.    The acts complained of begin with the warrantless entry into the plaintiff's home, and subsequent search of the home by officers and agents of the New York City Police Department. In the absence of consent or any credible reasoning for exigent circumstances, NYPD agents continued with their unconstitutional search, culminating in the arrest and imprisonment of the plaintiff. The emotional and psychological anguish were so severe that the plaintiff was transported to the hospital during her incarceration, which was a direct result of the

unconstitutional abuse of authority and deprivation of liberty. Additionally. the charges against the plaintiff were dismissed in the interest of justice.

## II.  JURISDICTION

3. This action is brought pursuant to 42 U.S.C §§ 1983 and 1988, and the Fourth and Fifth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C §§ 1331 and 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## III.  VENUE

5. Venue in the United States District Court for the Southern District of New York is proper pursuant to 28 U.S.C. § 1391 (b)(1) in that the Defendant Officers are operationally located within the Southern District of New York.

## IV.  JURY TRIAL DEMANDED

6. Plaintiff respectfully demands a trial by jury on each and every one of her claims as pleaded herein, pursuant to Fed. R. Civ. P. 38(b).

## V.  THE PARTIES

7. That at all times hereinafter mentioned, the plaintiff was a resident of the City and State of New York.

8. That at all times hereinafter mentioned, the defendant, the CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

9. That at all times hereinafter mentioned, the defendants, DETECTIVE JEREMY VETZ, and Officers "JOHN DOE 1-4" were and still are employed by the NEW YORK CITY POLICE DEPARTMENT.

10. That at all times hereinafter mentioned, the defendant officers and/or detectives were acting within the scope and course of their employment with the NEW YORK CITY POLICE DEPARTMENT, and under the color of state law.

11. That all of the causes of action pleased herein fall within one or more of the exceptions set forth in the New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## VI. STATEMENT OF FACTS

12. On or about March 18, 2016, at approximately 12:30 in the morning, plaintiff NADINE DAVIS was in her duplex apartment located at 1802 Sterling Place in Brooklyn, Kings County, City and State of New York.

13. On this date and at this time, plaintiff was in her bedroom when she heard a knock on the door. Plaintiff looked through her second-floor window and observed multiple NYPD police officers in plain clothes at the front door.

14. Plaintiff went downstairs to the door. Plaintiff opened the door and the officers immediately forced their way in and began searching the apartment.

15. Defendant Officers did not have a warrant to search or enter the apartment.

16. Plaintiff indicated that she was home alone and was not aware of anyone entering her apartment.

17. Defendant Officers then told the plaintiff that they smelled marijuana.

18. Plaintiff was not smoking marijuana during the time this incident occurred.

19. Defendant officers never produced a warrant to enter or search the plaintiff's apartment.

20. Defendants were never given consent to enter the apartment, nor were they given permission to search the apartment.

21. No exigent circumstances existed during the time of the warrantless entry.

22. At this point, plaintiff asked the officers to leave. When they did not, plaintiff proceeded to call 911, and announced to the officers that she was calling for help.

23. In response to this, one of the defendant officers wrestled the phone away from the plaintiff. Thereafter, the officer proceeded to placed her in handcuffs.

24. Plaintiff was placed in her bedroom and told to sit down. During this time, the officers proceeded to search a second bedroom – the bedroom belonging to plaintiff's son.

25. Plaintiff observed the officers close the door while the second room was being searched. Once the officers emerged from this second bedroom, plaintiff heard one of the officers say that they found marijuana and a gun.

26. Plaintiff was then taken out of her apartment by – upon information and belief – Detective Jeremy Vetz, and transported to the 73rd Precinct.

27. Many of the plaintiff's neighbors were outside and witnessed the arrest.

28. After going through central booking and within an hour of being placed in the holding cell, plaintiff began experiencing symptoms of an anxiety attack. Plaintiff suffers from anxiety which is triggered by placement in small and closed quarters.

29. Plaintiff sought medical attention and alerted the police officer at the 73rd precinct of her condition.

30. While in police custody, plaintiff asked the officers for food and drink. Officers did not give the plaintiff anything to eat or drink.

31. The officer warned the plaintiff not to bother him or he would make her live a "living hell."

32. Plaintiff pleaded for medical attention a second and third time and was ignored until she began vomiting as a result of her worsening anxiety attacks.

33. At approximately 5 o'clock in the morning, on March 18, 2016, plaintiff was transported, via ambulance, to the emergency room at Brookdale Hospital.

34. While at Brookdale, plaintiff learned that, in addition to her anxiety attack, her sugar was low. She was given food, juice and medication before being released from the hospital and transported back to the precinct.

35. Plaintiff was formally charged with Criminal Possession of a Firearm and Unlawful Possession of Marihuana.

36. After being imprisoned for approximately 13 hours, plaintiff was released on her own recognizance.

37. On or about June 6, 2016, the charges against plaintiff were dismissed in the interest of justice.

38. It is not disputed that during the time of the incident, the NYPD Officers did not have a warrant to enter or search the home of the plaintiff.

39. Any excuse that there were "exigent circumstances" necessary to forcibly enter premises is a dubious rationalization and an embellishment of actual events. The NYPD Officers, without offering the plaintiff any details about who or what they were looking for, automatically deemed the apartment a "crime scene." Moreover, when assured by the plaintiff that she had been alone in the apartment, the Officers offered a secondary, yet equally unfounded excuse of having smelled marihuana.

40. At no point did the officers explain to the plaintiff that they were searching for drug related evidence.

41. At no point did the officers explain to the plaintiff that they were searching for any evidence in connection with the plaintiff.

42. As a result of the actions of the agents of CITY OF NEW YORK POLICE DEPARTMENT, plaintiff developed symptoms of emotional and psychological trauma, from which she suffers to this day.

43. The psychological and mental anguish that plaintiff suffered were a direct consequence of the unconstitutional entry and search of the plaintiff's home and her subsequent unconstitutional arrest.

**FIRST CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983**

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

45. All of the aforementioned acts of the defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, their agents, and the individual defendants, servants, and employees, were carried out under the color of state law.

46. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and corrections officers, with all of the actual and/or apparent authority attendant thereto.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers or corrections officers, pursuant to their customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK, and the NEW YORK CITY POLICE DEPARTMENT, all under supervision of ranking officers of said department.

49. The individual defendants, and defendants CITY OF NEW YORK, NYPD DETECTIVE JEREMY VETZ, and OFFICERS "JOHN DOE 1-4," collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and their standing within their community.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST/IMPRISONMENT UNDER 42 U.S.C. §1983
## AND NEW YORK STATE LAW

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

52. Plaintiff's home was entered and search in the absence of probable cause, and plaintiff was subsequently arrested at the direction of, or under practices, policies or customs promulgated by the aforesaid individually named defendants and other agents of the NEW YORK CITY POLICE DEPARTMENT.

53. Defendants VETZ, and JOHN DOE 1-4 entered the plaintiff's home absent any warrant.

54. There were no exigent circumstances giving rise to a warrantless entry of plaintiffs' home.

55. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

56. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

57. As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

### THIRD CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983
### AND NEW YORK STATE LAW

58. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

59. At the aforementioned times and locations, plaintiffs were detained and held under the imprisonment and control of the defendants DETECTIVE VETZ, and JOHN DOES 1-4, and other unidentified officers without probable cause.

60. Defendants commenced the criminal action against the plaintiff in the absence of any probable cause that a crime had been committed.

61. Defendants commenced this criminal action out of malice.

62. The criminal action against plaintiff has terminated in her favor.

63. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

64. Any attendant criminal complaint or felony indictment that resulted was the product of fraud, perjury, the fabrication of evidence, or other police conduct enumerated above undertaken in bad faith.

65. That as a direct, sole and proximate result of the defendants' actions, plaintiff was caused to sustain psychological trauma, humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, fear of losing her job, fear and distrust of the police, and the disturbance and disruption of life. Plaintiff's loss of liberty amounts to 13 hours of incarceration.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION and TRAINING

66. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

67. Defendant CITY OF NEW YORK negligently hired, screened, retained, supervised, and trained the individual defendants. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York and the United States Constitution.

68. As a result of the foregoing, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

## NINTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER MONELL ARISING FROM UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

70. Defendants entered and search plaintiff's home without a warrant, and arrested and incarcerated the plaintiff, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiffs' liberty, well-being, safety and constitutional rights.

71. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

72. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

73. As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, their agents, and the individual defendants, plaintiffs' constitutional rights were violated.

74. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

75. As a result of the defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

> **WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:
> a. Compensatory damages, including loss of income;
> b. Punitive damages;
> c. The convening and empaneling of a jury to consider the merits of the claims herein;
> d. Costs and interest and attorney's fees;
> e. Such other and further relief as this court may deem appropriate and equitable.

DATED:
    New York, New York
    June 16, 2015

    Respectfully submitted,

    **The Law Office of Christopher H. Fitzgerald**
    *Counsel for Plaintiff*
    _____/s/_____
    Christopher H. Fitzgerald (CF1415)
    233 Broadway, Suite 2348
    New York, NY 10279
    (212) 226-2275